IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

DAMON LEE DAMRON,

        **Plaintiff,**

v.

AMY PIERCE, et al.,

        **Defendants.**

Case No. 25-CV-33-JFH-GLJ

## OPINION AND ORDER

Plaintiff Damon Lee Damron ("Plaintiff"), a prisoner appearing pro se, has filed a complaint seeking relief under 42 U.S.C. § 1983. Dkt. No. 1. This matter is before the Court for preliminary screening of the complaint under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). For the following reasons, the Court finds that the complaint is subject to dismissal for failure to state a claim on which relief may be granted.

## BACKGROUND

Plaintiff names three defendants in this action: Choctaw Nation District Court Judge Amy Pierce; Choctaw Nation Tribal Prosecutor Kara Bacon; and "Choctaw Nation Judicial" ("Defendants"). Dkt. No. 1 at 1, 3-4. Plaintiff generally alleges Defendants violated his federal rights through actions or omissions related to criminal proceedings brought in the District Court for the Choctaw Nation of Oklahoma. *Id.* at 5-6; *see Damron v. Pierce*, No. 24-CV-482-RAW-GLJ (E.D. Okla. filed Dec. 16, 2024) (pending habeas action brought by Plaintiff under 25 U.S.C. § 1303 in relation to Choctaw Nation District Court Case No. CF-2023-271).[1] Though Plaintiff's

---

[1] The Court may "take judicial notice of its own files and records, as well as facts which are a matter of public record." *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (internal quotation marks omitted).

allegations are not wholly clear, he appears to allege that: (1) his criminal prosecution in tribal court violated the prohibition against double jeopardy; (2) his conviction of a "second and subsequent" offense violated his due process rights; (3) his sentence for a non-violent offense exceeds one year, in violation of the Indian Civil Rights Act; and (4) his conviction was barred by the statute of limitations. Dkt. No. 1 at 5-6. Plaintiff previously raised substantially identical claims in a previous § 1983 action brought in this Court, which the Court dismissed on preliminary screening. *See Damron v. Choctaw Nation Jud.*, No. 24-CV-313-RAW-GLJ (E.D. Okla. filed Aug. 30, 2024).

## DISCUSSION

Because Plaintiff is detained in a county detention center and "seeks redress from a governmental entity or officer or employee of a governmental entity," the Court must screen his complaint to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b). In determining whether dismissal is appropriate, the Court must "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Alvarado v. KOB TV, LLC*, 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). The Court "must accept the allegations of the complaint as true and . . . construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). While the Court must liberally construe a complaint drafted by a self-represented plaintiff, the rule of liberal construction "does

not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

To state a claim for relief under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1156 (10th Cir. 2016) (quoting *Haines v. Fisher*, 82 F.3d 1503, 1508 (10th Cir. 1996)). Thus, "[a] § 1983 action is unavailable for persons alleging deprivation of constitutional rights under color of tribal law." *Burrell v. Armijo*, 456 F.3d 1159, 1174 (10th Cir. 2006) (internal quotation marks omitted).

Plaintiff's allegations do not plausibly show that any Defendant acted under color of state law in relation to the acts or omissions underlying his claims. *See Mitchell v. Parris*, No. 23-CV-17-GKF-CDL, 2023 WL 4503185, at *3 (N.D. Okla. May 5, 2023) (finding Cherokee Nation attorney did "not act under color of state law when prosecuting cases in tribal court"). Because Plaintiff's allegations against Defendants relate solely to actions taken under color of tribal law, Plaintiff has failed to state a plausible claim for relief under § 1983. *See R.J. Williams Co. v. Fort Belknap Hous. Auth.*, 719 F.2d 979, 982 (9th Cir. 1983) ("[A]ctions taken under color of tribal law are beyond the reach of § 1983, and may only be examined in federal court under the provisions of the Indian Civil Rights Act.").

**CONCLUSION**

For these reasons, the Court determines Plaintiff has failed to state a claim on which relief can be granted under § 1983 and amendment would be futile. *See Perkins*, 165 F.3d at 806.

IT IS THEREFORE ORDERED that this action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. Plaintiff's pending motions for leave to proceed *in forma pauperis* [Dkt. Nos. 4, 8] are denied as moot. A separate judgment of dismissal shall be entered herewith.

Dated this 1st day of August 2025.

                                                    JOHN F. HEIL, III
                                                    UNITED STATES DISTRICT JUDGE